UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jimmie Nelson, aka Jimmie Devoux | ) C/A No.: 4:16-1189-TLW-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| Harold Young, | ) |
| *County Commissioner, In his individual and official capacities*, | ) |
| Leroy Ravenell, | ) |
| *Sheriff of Orangeburg County, In his individual and official capacities*, | ) |
| Zenetia Dozier, | ) |
| *Director of Orangeburg County Jail, In her individual and official capacities*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Jimmie Nelson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violation Plaintiff alleges violations of his "Civil and Constitutional" rights. (ECF No. 1).

**BACKGROUND**

Plaintiff states that he is a former "inmate at the Orangeburg County Jail" and that he was released on March 7, 2016 after serving a ninety (90) day sentence based upon an August 26, 2008 Bench Warrant relating to child support. (ECF No. 1 at 1-2). Plaintiff filed a complaint on April 13, 2016 asserting various claims against Defendants arising out of his incarceration.

On April 27, 2016, the magistrate judge issued a proper form order directing Plaintiff to bring the case into proper form within 21 days (plus three days for mail time). (ECF No. 7). The magistrate judge's proper form order directed Plaintiff to complete a new summons listing every Defendant, to sign, and return a Form USM-285 for each defendant and to answer Rule 26.01 Interrogatories. This order also outlined the

1

steps necessary to properly complete the Forms USM-285 and the summons and warned Plaintiff that his case could be dismissed if he failed to bring his case into proper form. On May 6, 2016, Plaintiff partially responded to the magistrate judge's proper form order. (ECF Nos. 10, 11). However, on May 25, 2016, because the case was still not in proper form, the magistrate judge issued a second proper form order. (ECF No. 14). The second proper form order directed Plaintiff to once again submit a summons listing every Defendant and to submit Forms USM-285 for all Defendants. Additionally the second proper form order directed Plaintiff to complete, sign and return a "complaint form[1]". (ECF No. 14). In the second proper form order, Plaintiff was warned that his case could be dismissed if he failed to bring his case into proper form. (ECF No. 14 at 1). On June 3, 2016, Plaintiff submitted documents purportedly in response to the magistrate judge's second proper form order. However, the documents submitted were either incomplete or not properly completed.

Therefore, on June 9, 2016, the magistrate judge issued a third proper form order. (ECF No. 20). The third proper form order carefully outlined what Plaintiff needed to do to bring the instant action into proper form and contained the same warning that had been outlined in the two previous proper form orders. Specifically, the warning in the order stated:

> **The Plaintiff is hereby advised that if Plaintiff does not bring this case into "proper form" within the time period specified by this Order, this case may be dismissed for failure to prosecute and for failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure.**

(ECF No. 20 at 2)

On June 17, 2016, Plaintiff submitted additional documents to the Court. However, the documents submitted did not comply with the court's third proper form order. For example, although Plaintiff returned the requested complaint form, it was unsigned and blank except for listing the names of Plaintiff and

---

[1] The complaint form that Plaintiff was requested to complete is the Court's "Complaint for Violation of Civil Rights" (Prisoner Complaint).

2

Defendants. (ECF No. 16). Additionally, the summons and Forms USM-285 submitted were incomplete and unsigned. (ECF Nos. 16 at 12, 15-17).

## DISCUSSION

Federal Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action due to the plaintiff's failure to prosecute or to comply with the Federal Rules. Fed.R.Civ.P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (finding that a court may, *sua sponte*, dismiss a case pursuant to Rule 41(b)), reh'gdenied, 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112 (1962). In considering whether to dismiss an action pursuant to Rule 41(b), the court must "ascertain":

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

*Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).

Here, arguably, three of the four factors weigh in favor of dismissal. Specifically, factors one, two, and four support dismissal. As to the first factor, Plaintiff is entirely responsible for his own actions in this matter. As to the second factor, Defendants have been prejudiced by the fact that a suit was filed against them in April 2016 complaining of events that allegedly occurred in the past, and as of July 2016, Defendants still have not been served. The third factor does not weigh in favor of dismissal as there is no drawn out history of Plaintiff proceeding in a dilatory fashion. The fourth factor, whether there is a sanction less dramatic than dismissal, also weighs in favor of dismissal. The court has provided Plaintiff three opportunities to bring this matter into proper form and Plaintiff has failed to comply with the Court's directives. As such, sanctions less drastic than dismissal would not be effective.

Federal district courts are charged with liberally construing complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, a *pro se* complaint may be subject to dismissal after "the district court [has] afford[ed] him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise[d] him how to proceed and direct[ed] or permit[ted] amendment of the pleadings to bring that person or persons before the court." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir.1978). Here, Plaintiff was warned on three occasions that if he did not bring his case into proper form within the time period specified by the court's proper form order that his case could be dismissed for failure to prosecute and for failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure. Despite multiple warnings, Plaintiff has elected not to comply with the Court's orders.

## **CONCLUSION**

Accordingly, this case is dismissed without prejudice and without issuance and service of process due to Plaintiff's failure to comply with this Court's Orders.[2] The Clerk of Court shall close the file.

**IT IS SO ORDERED**.

s/ Terry L. Wooten  
The Honorable Terry W. Wooten  
Chief United States District Judge

July 21, 2016  
Columbia, South Carolina

---

[2] From a cursory review of the Complaint, it appears that Plaintiff's claims would be subject to summary dismissal in any event based on his failure to set forth claims of personal involvement by each Defendants since a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g.*, *Monell v. Department of Social Sys.*, 436 U.S. 658, 691-92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

4